UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LUCIANO CINQUEMANI,

        Petitioner,

v.

JOHN ASHCROFT, et al.,

        Respondents.

**ORDER**
03-CV-575S

---

## I. INTRODUCTION

On July 29, 2003, Luciano Cinquemani filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Western District of New York. In his Petition, Mr. Cinquemani, a visitor under the Visa Waiver Pilot Program ("VWPP"), alleged that he did not knowingly and intelligently waive his right to a removal hearing when he entered the United States, and that the Immigration and Naturalization Service ("INS") violated his due process rights by ordering him removed without a hearing.[1] By Decision and Order entered on March 18, 2005, this Court granted Mr. Cinquemani's Petition and vacated his Order of Removal. Currently before this Court is Mr. Cinquemani's Motion for Attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).[2] For the reasons discussed below, Mr. Cinquemani's

---

[1] As of March 1, 2003, the INS was abolished and its functions transferred to the Department of Homeland Security ("DHS"), pursuant to the Homeland Security Act of 2002. See 116 Stat. 2135; Pub. L. 107-296, codified at 6 U.S.C. § 101, et seq. The INS functions related to the entry of aliens into the United States under the VWPP are currently executed by the Bureau of Immigration and Customs Enforcement. For consistency herein, however, this Court will refer to the acting agency as the "INS." (Krygier Aff., ¶ 2, attached as Exhibit 1 to Respondents' Answer).

[2] In support of his Motion for Attorneys' Fees, Mr. Cinquemani filed an attorney affirmation by Mark T. Kenmore, an attorney affirmation by Giovanna Macri with exhibits and a reply brief with exhibits. The Government filed a memorandum of law in opposition to the Motion.

1

Motion for Attorneys' Fees is denied.

## II.  BACKGROUND

**A.     Facts**

The following facts are derived from the Petition and other documents in support of and in opposition to the Petition and the instant motion.  Mr. Cinquemani is a native and a citizen of Italy.  (Cinquemani Aff., ¶ 1).[3]  On October 11, 1989, Mr. Cinquemani traveled to the United States with his Italian-citizen parents, Marie and Giuseppe Cinquemani, and his Italian-citizen brother, Stephano Franceso Cinquemani.[4]  (Cinquemani Aff., ¶ 4).  Mr. Cinquemani was four years old at the time, and did not speak, read, or write English.  (Cinquemani Aff., ¶¶ 5-7).

Upon Mr. Cinquemani's admission into the United States, a form I-94 Departure Notice ("I-94 form") was executed on his behalf.  (Pet., Ex. C).  The executed I-94 form, which is printed in the French language, bears the date January 10, 1990, and the handwritten notation "WT," which indicates admission under the VWPP.  (Mitchell Aff., ¶ 6; Pet., Ex. C; Krygier Aff., ¶¶ 5-8).[5]  Visitors admitted under the VWPP may enter the United States without a visa, and may stay for a maximum of ninety days "in exchange for waiving their right to contest any action for removal against them, unless that challenge is based upon an application for asylum."  Faruqi v. Dep't of Homeland Sec., 360 F.3d 985,

---

[3]     The affidavit of Luciano Cinquemani is attached as Exhibit G to Petitioner's Response to Respondent's Answer and Reply.

[4]     Mr. Cinquemani's father died rather suddenly from lung cancer in 2003.  (Pet.'s Resp., ¶ 24).

[5]     Assistant United States Attorney Gail Mitchell has submitted numerous affidavits in opposition to Mr. Cinquemani's Petition for a Writ of Habeas Corpus.  Any references to an Affidavit by Gail Mitchell herein are to the affidavit filed as Docket Number 16 in this matter.  David C. Krygier's affidavit is attached as Exhibit 1 to the Answer and Return.  (Docket No. 3)

2

986-87 (9th Cir. 2004) (citing 8 U.S.C. § 1187(b)(2)).

Prior to 1991, an admitting officer was required under the standard INS procedure to issue two separate forms to visitors under the VWPP, an I-94 form and an I-791 form. (Mitchell Aff., ¶ 10, Ex. B). The I-94 form does not contain any waiver language whatsoever. (Pet.'s Resp., Exs. H & I). By contrast, the I-791 form expressly provides, "I hereby waive any and all rights to review of or appeal from an Immigration Officer's determination as to my admissibility, or to contest, other than on a basis of an application for asylum, any action for deportation." (Mitchell Aff., ¶ 10, Ex. B). This form requires the visitor's signature. (Mitchell Aff., ¶ 10, Ex. B). There is no evidence that the admitting officer presented Mr. Cinquemani with an I-791 form, or that one was executed on his behalf when he entered the United States on October 11, 1989. (Mitchell Aff., ¶ 11).

Although Mr. Cinquemani was only authorized to remain in the United States under the VWPP until January 10, 1990, he has not left since his arrival. (Resp.'s Opp. to Mot. for Att. Fees, p.2). On October 31, 2002, Mr. Cinquemani, his mother and brother were asked to appear at the INS District Office located in Albany, New York, where they were arrested, and without a hearing, issued Orders of Removal. (Pet.'s Resp., ¶ 20). Mr. Cinquemani's Order of Removal alleges that he waived his right to a removal hearing when he entered the United States. (Pet.'s Resp., ¶ 21).

**B.    Procedural Background**

Mr. Cinquemani filed his Petition for a Writ of Habeas Corpus on July 29, 2003. After oral argument and supplemental briefing, this Court entered a Decision and Order granting Mr. Cinquemani's Petition and vacating his Order of Removal. Specifically, this Court concluded that the VWPP's express waiver condition, 8 U.S.C. § 1187(b)(2), and the Immigration and Nationality Act's "exclusive jurisdiction" provision, 8 U.S.C. § 1252, did not

divest this Court of jurisdiction over Mr. Cinquemani's Petition, provided that its inquiry was limited to constitutional issues and questions of law.  Further, this Court found that the INS failed to demonstrate that Mr. Cinquemani's waiver was knowing and voluntary, and thus concluded that the agency violated his due process rights by issuing an order for his removal without a hearing.  The Decision and Order granting Mr. Cinquemani's Petition was entered on March 18, 2005.  On April 19, 2005, Mr. Cinquemani filed the instant Motion for Attorneys' Fees.

### III.  DISCUSSION

#### A.  Standard for Fee Award Under the EAJA

The EAJA provides that a court shall award attorneys' fees and other expenses to a "prevailing party" in any civil action in which the United States is a party, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  See 28 U.S.C. § 2412(d)(1)(A); Comm., I.N.S. v. Jean, 496 U.S. 154, 158, 110 S. Ct. 2316, 2319, 110 L. Ed. 2d  134 (1990).  To obtain such fees, the prevailing party must submit an application within 30 days of a "final judgment" in the action.  28 U.S.C. § 2412(d)(1)(B).  The term "final judgment" is defined as "a judgment that is final and not appealable, and includes an order of settlement."  28 U.S.C. § 2412(d)(2)(G).

#### B.  Petitioner is Not Entitled to Attorneys' Fees Under 28 U.S.C. § 2412

The Government does not contest that Mr. Cinquemani is a prevailing party in this action.  It does argue, however, that his Motion for Attorneys' Fees must be denied because he filed it prematurely and because the Government was substantially justified in its position.  This Court will address each argument in turn.

As an initial matter, the Government contends that Mr. Cinquemani's Motion does not comply with the requirements of the EAJA because he filed it prematurely. This Court agrees that its Decision and Order did not become final until the time for appeal elapsed, and that Mr. Cinquemani filed his motion prior to that date. However, the record clearly reflects that the Government has not filed an appeal in this case, and that its deadline for doing so has passed. As such, the Decision and Order is now a "final judgment" within the meaning of 28 U.S.C. § 2412(d)(2)(G). In the interest of judicial economy, this Court will consider Mr. Cinquemani's Motion as if it was filed after the deadline for appeal.

The Government next argues that its position was substantially justified, and therefore, that attorneys' fees should not be awarded. "Substantially justified" in this context means "justified to a degree that could satisfy a reasonable person," or having a "reasonable basis in both law and fact." Pierce v. Underwood, 487 U.S. 552, 565, 108 S. Ct. 2541, 2550, 101 L. Ed. 2d 490 (1988). Ultimately, it is the government that bears the burden of establishing that its position was substantially justified. See Eames v. Bowen, 864 F.2d 251, 252 (2d Cir. 1988). It is not necessary for the Government to show that it was "justified to a high degree." Underwood, 487 U.S. at 565. Rather, "if reasonable people could differ as to [the appropriateness of the contested action]," the "substantially justified" standard is satisfied. Underwood, 487 U.S. at 565 (internal citations omitted).

This Court is persuaded that the INS was substantially justified in its position that it could order Mr. Cinquemani removed without a hearing. See, e.g., Kolman v. Shalala, 39 F.3d 173, 177 (7th Cir. 1994); see also Al-Harbi v. I.N.S., 284 F.3d 1080, 1085 (9th Cir. 2002) (concluding that "the government's litigation position as a whole [was] substantially justified, albeit not ultimately adequate to sustain the agency's decision").

5

In so finding, this Court notes that Mr. Cinquemani entered the United States under the VWPP, and that entry under the program requires every visitor to waive his or her right to a removal hearing. See 8 U.S.C. § 1187(b); Faruqi, 360 F.3d at 986-87. Under the circumstances, the Government's position that Mr. Cinquemani waived his right to a hearing was reasonable. That the Government could not produce evidence of Mr. Cinquemani's waiver does not undermine the reasonableness of its argument. This is especially true when the Government's inability to produce this evidence may be attributed to the extraordinary length of Mr. Cinquemani's overstay in the United States. It is undisputed that Mr. Cinquemani overstayed his visit under the VWPP by more than twelve years. By statute, the INS is only required to retain information about each alien seeking admission under the VWPP for ten years. 8 U.S.C. § 1187.

As noted by Mr. Cinquemani's counsel, aspects of this case appear to be of first impression. Where, as here, a case presents a novel issue "on which there is little precedent, courts have been reluctant to find [that] the [G]overnment's position was not substantially justified." Schock v. United States, 254 F.3d 1, 6 (1st Cir. 2001). Although "legal authority against the [G]overnment on a given legal position [can] build to such a point that it will be difficult to maintain that [its] continued adherence to that position is reasonable[,] . . . [t]he [G]overnment must be permitted to make some strategic choices." Jean v. Nelson 863 F.2d 759, 768-69 (11th Cir. 1988).

The fact that the Government did not ultimately prevail in this action, standing alone, does not support an award of attorneys' fees under the EAJA. See Zapon v. U.S. Dept. of Justice, 53 F.3d 283, 284 (9th Cir. 1995) ("EAJA is not an automatic fee-shifting statute in favor of litigants who prevail against the government."). Because this Court finds that

the INS was substantially justified in opposing Mr. Cinquemani's Petition, his Motion for Attorneys' fees is denied.

## IV.  CONCLUSION

Based on the foregoing, this Court finds that the Government was substantially justified in opposing Mr. Cinquemani's Petition.  Accordingly, Petitioner's Motion for Attorneys' Fees under the EAJA is denied.

## V.  ORDERS

IT HEREBY IS ORDERED, that Petitioner's Motion for Attorneys' Fees (Docket No. 22) is DENIED.


SO ORDERED.


Dated:   February 27, 2006
            Buffalo, New York

<u>/s/William M. Skretny</u>
WILLIAM M. SKRETNY
United States District Judge
